UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEPHEN STOUTE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-cv-10281-ADB |
| | * | |
| NAVIENT[1], | * | |
| | * | |
| Defendant. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

Plaintiff Stephen Stoute, proceeding *pro se*, filed this action on January 6, 2022, against Defendant Navient in the Suffolk County Superior Court. On February 18, 2022, Defendant Navient removed the action to this Court, and subsequently moved to dismiss Stoute's complaint. Stoute opposes the removal and the motion to dismiss. For the reasons set forth below, the Court grants Defendant's motion [ECF No. 4] to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.     **RELEVANT BACKGROUND**

On January 6, 2022, Stephen Stoute ("Stoute") filed a *pro se* complaint in Suffolk County Superior Court, captioned Stoute v. Navient, No. 22-0046F. [ECF No. 1-3]. Stoute alleges that Navient improperly reported an alleged debt to credit bureaus, causing harm to his reputation and causing his credit score to be lowered. [Id. at p. 6]. In his complaint, Stoute states that Navient

---

[1] Although the complaint identifies the defendant's name as Navient, Defendant's motion to dismiss identifies the defendant as Navient Solutions, LLC. For the sake of consistency, the Court will refer to the defendant as Navient.

failed to respond to two separate notarized affidavits that Stoute sent by certified mail regarding the alleged debt. [Id.]. Based on Navient's failure to respond, Stoute alleges that a "Notary Public issued [to Navient] a certificate of non-performance/non-response" and that a demand letter was sent to Navient pursuant to Massachusetts General Laws Chapter 93A ("Chapter 93A"). [Id.]. The complaint seeks monetary damages of $8,000,000 for the alleged violation of several Massachusetts debt-collections regulations promulgated by the Massachusetts Attorney General and codified at 940 C.M.R. §§ 7.01 – 7.10. [Id. at p. 6-7].

On February 18, 2022, the Defendant filed a notice removing the case to this court. [ECF No. 1]. Four days later, on February 22 ,2022, Defendant filed a motion to dismiss and a supporting memorandum. [ECF Nos. 4, 5]. Because Plaintiff failed to respond to Defendant's motion, he was ordered to show cause why his complaint should not be dismissed for the reasons articulated in Defendant's motion. [ECF No. 6].

On March 17, 2022, Stoute filed an opposition to the notice of removal. [ECF No. 7]. Defendant filed an opposition to Stoute's request to remand on March 30, 2022. [ECF No. 8]. On April 14, 2022, Stoute filed a response to the Defendant's opposition to Stoute's request to remand. [ECF No. 9].

II.     **PLAINTIFF'S REQUEST FOR REMAND TO STATE COURT**

Stoute contends in his opposition that the case should be remanded to the Suffolk Superior Court because Navient "does business" in Massachusetts and "must comply with the laws of the Commonwealth including any and all debt laws and consumer protection laws." Dkt. No. 7 at ¶ 3. As to the jurisdictional amount, Stoute argues that a case that "exceed[s] $75,000 [should not automatically be] transfer[red] to a federal court [because] there have been many cases that have exceeded $75,000 within the [courts of the Commonwealth]." Dkt. No. 7 at ¶ 8. Stoute complains that counsel for the Defendant "is attempting to usurp The Commonwealth of

Massachusetts authority to hear and rule on a case involving Chapter 93a consumer protection laws and the Debt protection laws too." Dkt. No. 7 at ¶ 9.

Despite Stoute's contentions, which are incorrect as a matter of law, this case is properly before the Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Article III of the United States Constitution grants the federal courts jurisdiction to hear controversies "between Citizens of different States ... and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects." U.S. Const. art. III, § 2, cl. 1. In diversity cases, the right to remove is limited to out-of-state defendants. 28 U.S.C. § 1441(b).

The federal diversity statute, 28 U.S.C. § 1332(a)(2), requires "complete diversity of citizenship as between all plaintiffs and all defendants." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir.2008). Stoute is a citizen of Massachusetts. Navient is a limited liability company incorporated under the laws of Delaware. See Dkt. No. 8-2 (amended and restated certificate of incorporation of Navient Corporation). The citizenship of a limited liability company "is determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (referencing Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990)). Therefore, as a limited liability company whose sole member is incorporated under the laws of Delaware, with a principal place of business in Delaware, Navient is a citizen of Delaware for diversity purposes. Accordingly, there is complete diversity of citizenship between the parties.

Diversity jurisdiction also requires that the amount in controversy be at least $75,000. See 28 U.S.C. § 1332(a). The party seeking to invoke federal jurisdiction bears the burden of establishing subject-matter jurisdiction. Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009). Defendant therefore bears the burden to show that the amount in controversy

is satisfied. In the notice of removal, Defendant contends that the amount in controversy can be determined by the damages sought by plaintiff in his complaint. Dkt. No. 1 at ¶ 11 ("Plaintiff's Complaint seeks damages in the amount of $8,000,000."). In his opposition and response, Stoute does not dispute that the amount at issue is above the federal jurisdictional requirement. Dkt. Nos. 7, 9.

Because there is complete diversity of the parties and the amount in controversy seemingly exceeds $75,000, this Court has subject-matter jurisdiction. 28 U.S.C. § 1332. Therefore, plaintiff's request to remand is denied.

### III.   LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 76, 80 (1st Cir. 2019). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations omitted) (citing Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

"To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679).

In this case, the Court construes the complaint liberally because it was filed *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Dismissal of a *pro se* complaint is appropriate when the complaint fails to state an actionable claim. Muller v. Bedford VA Admin. Hosp., 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

In its motion to dismiss, Defendant asserts that Plaintiff's claims are barred by *res judicata*. "*Res judicata* is an affirmative defense, but where, as here, the defendant[s] ha[ve] raised the question on a motion to dismiss, the plaintiff does not object to the procedure, and the court discerns no prejudice, the issue may be resolved on such a motion." In re Sonus Networks, Inc. S'holder Derivative Litig., 499 F.3d 47, 56 (1st Cir. 2007) (internal citation omitted). "Dismissal under *res judicata*, however, can only occur where the facts that establish the defense are conclusive and definitively ascertainable from 1) the allegations of the complaint, 2) the documents (if any) incorporated therein, 3) matters of public record and 4) other matters of which the court may take judicial notice." United States v. Raytheon Co., 334 F. Supp. 3d 519, 523 (D. Mass 2018) (citing Colonial Mortgage Bankers, 324 F.3d at 16).

"*Res judicata*" is a broad term, encompassing both claim and issue preclusion. Taylor v. Sturgell, 553 U.S. 880, 892 (2008). In this case, Defendants' motion to dismiss is premised on claim preclusion, which "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Id. (citing New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). The doctrine serves two important functions: (1) "protecting litigants against gamesmanship and the added litigation costs of claim-splitting," and (2)

5

"preventing scarce judicial resources from being squandered in unnecessary litigation." <u>Airframe Sys., Inc. v. Raytheon Co.</u>, 601 F.3d 9, 14 (1st Cir. 2010).

"Federal law principles of *res judicata* govern the preclusive effect of a prior federal court's judgment on a subsequent action brought in federal court." *Apparel Art Int'l, Inc. v. Amertex Enter. Ltd.*, 48 F.3d 576, 582 (1st Cir. 1995); <u>see</u> <u>also</u> <u>Mass. Sch. of L. at Andover, Inc. v. Am. Bar. Ass'n,</u> 142 F.3d 26, 37 (1st Cir. 1998). Under federal law, claim preclusion applies when three factors are met: "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." <u>Airframe Sys.</u>, 601 F.3d at 14.

## IV. DEFENDANT'S MOTION TO DISMISS WILL BE GRANTED

Defendant moves to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's claims are barred by *res judicata* because "Plaintiff's claims against [the Defendant have already been rejected] in two prior actions." Dkt. No. 5 at ¶ I (plaintiff's claims are barred by *res judicata*). Defendant also argues that the complaint fails to state a plausible claim for relief under the state consumer protection law (Chapter 93A) and because the state regulations referenced in the complaint do not provide a private right of action.

In 2019, Plaintiff brought suit against the Defendant alleging that the debt he owed was cancelled because the Defendant failed to respond to Plaintiff's correspondence. See <u>Stoute v Navient</u>, No. 19-11362-IT (Sept. 19, 2019, case dismissed pursuant to 28 U.S.C. § 1915(e)(2)). On April 2, 2020, Plaintiff filed another complaint against the Defendant and its then CEO again alleging that his debt was cancelled and including a claim for violation of his rights under the First Amendment. See <u>Stoute v Navient, et al.</u>, No. 20-10658-IT (June 15, 2020, case dismissed

6

based on *res judicata* and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)), aff'd, No. 1613 (Mar. 2, 2021).

Here, both prior actions satisfy the requirement that the dismissals in the earlier cases constitute final judgements on the merits. Next, the claims in the instant action are based on the same contention underlying his two prior actions, namely that the Defendant is liable for failing to respond to Plaintiff's correspondence, albeit asserting new legal theories. Finally, the parties in the instant action and the earlier actions are sufficiently identical.

Plaintiff has provided no reason for his failure to bring these new legal theories in the earlier actions. In fact, he has not responded to the Defendant's argument that this action is barred by *res judicata*. Finding that all the factors required for claim preclusion are satisfied, Plaintiff's claims are precluded, and the Court grants Defendant's motion to dismiss for failure to state a claim.

Even if this action was not barred by the doctrine of *res judicata*, the complaint is subject to dismissal because plaintiff's complaint is brought under the Massachusetts Attorney General's debt collection regulations, which do not provide a private right of action. Ishaq v Wachovia Mort., FSB, 2010 WL 1280386 at *4 (D. Mass. Apr. 2, 2010) (quoting Loffredo v. Ctr. for Addictive Behaviors, 426 Mass. 541, 544, 689 N.E.2d 799 (1998)). Moreover, although a private right of action exists under Mass. Gen. L. ch. 93A to vindicate a private citizen's rights for unfair or deceptive acts or practices, as correctly noted by the Defendant, "a failure to respond to a demand letter does not in and of itself constitute a valid claim under Chapter 93A." Da Silva v U.S. Bank, N.A., No. 11-11416, 885 F.Supp.2d 500, 506 (D. Mass. 2012); Williams v Mann, 83 Mass. App. Ct. 1110, 982 N.E.2d 72, 72 (Feb. 1, 2013)("The failure to respond to a Chapter 93A demand letter is not itself a violation of our consumer protection law: rather, the

lack of a response may be considered in calculating damages in the event a violation is shown."); Young v. Wells Fargo Bank, N.A., 828 F.3d 26 (1st Cir. 2016) (finding that a mortgage loan servicer's alleged failure to respond to mortgagor's demand letter did not violate Chapter 93A prohibiting unfair and deceptive acts and practices.).

V.  **CONCLUSION**

Accordingly:

1. The Defendant's motion to dismiss [ECF No. 4] is GRANTED.

2. The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

July 5, 2022                                   /s/ Allison D. Burroughs
                                               ALLISON D. BURROUGHS
                                               U.S. DISTRICT JUDGE